IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALI AL-REKABI,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent. | MEMORANDUM DECISION AND ORDER GRANTING STAY<br><br>Case No.  2:16CV573DAK<br><br>Judge Dale A. Kimball |

　　　　On June 10, 2016, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 asserting that the United State Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2005), invalidating the Armed Career Criminal Act's residual clause, applies retroactively to a similar provision in the United States Sentencing Guidelines ("USSG") used to calculate Petitioner's sentence.  In response, the United States filed a Motion to Stay Pending Supreme Court's Ruling in *Beckles v. United States*, S. Ct. No. 15-8544, *cert. granted*, 136 S. Ct. 2510 (June 27, 2016).

　　　　On March 7, 2012, the Court sentenced Petitioner to 60 months incarceration for unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g)(1).  Petitioner's Presentence Report demonstrates that he had 14 criminal history points and thus a criminal history category of VI.  Based on a determination that Petitioner had two prior crimes of violence, Petitioner's base offense level under U.S.S.G. § 2K2.1(a)(2) was set at level 24.  Petitioner's prior convictions

under Utah state law for aggravated assault, discharging a firearm from a vehicle, and aggravated assault were considered crimes of violence under USSG §4B1.2. With a 3-level reduction for acceptance of responsibility, Petitioner's total offense level was 21. Therefore, with a criminal history category of VI and a total offense level of 21, the applicable guideline range was 77 to 96 months. Despite recognizing that Petitioner had a violent history, the court sentenced Petitioner to 60 months.

Petitioner argues that if his prior convictions had not been considered crimes of violence, his base offense level would have been 14 and his applicable guideline range would have been 30 to 37 months. Petitioner contends that his convictions for aggravated assault under Utah law fall within the residual clause of the Guideline's definition of "crimes of violence," which the Tenth Circuit has found to be unconstitutionally vague in light of *Johnson*. *See U.S. v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). Only one circuit court has determined that *Johnson* does not apply to the residual clause in USSG § 4B1.2, and the United States Supreme Court has granted certiorari in that case. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2016), *cert granted*, 84 U.S.L.W. 3694 (U.S. June 27, 2016) (No. 15-8544).

On July 22, 2016, the United States filed a Motion to Stay asking the court to postpone its decision on Petitioner's § 2255 motion until after the Supreme Court's ruling in *Beckles v. United States*. The Supreme Court has granted certiorari in the *Beckles* case to determine, among other things, whether the holding in *Johnson* applies to the residual clause definition of a "crime of violence" in USSG § 4B1.2 and, if *Johnson* does apply, whether it applies retroactively to cases on collateral review.

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In other words, the court only has jurisdiction to vacate, set aside, or correct a sentence if the petitioner files a motion within one year of the dates specified in the statute. The date applicable to Petitioner's § 2255 motion is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

Petitioner argues that the Supreme Court decision in *Johnson v. United States*, decided June 26, 2015, asserted a new right that is retroactively applicable to cases on collateral review pursuant to 28 U.S.C. § 2255(f)(3). *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that, because the *Johnson* decision "struck down part of a criminal statute that regulates

3

conduct and prescribes punishment," *Johnson* "has retroactive effect in cases on collateral review"). However, the court only has jurisdiction to review Petitioner's sentence if *Johnson*, which only considered the residual clause of the ACCA, also applies to USSG § 4B1.2 and if the application of *Johnson* to USSG § 4B1.2 is made retroactively applicable to cases on collateral review.

Although the Tenth Circuit has already determined that *Johnson* applies to USSG § 4B1.2, *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), the Tenth Circuit has not yet directly decided whether *Johnson*'s application to USSG § 4B1.2 is retroactively applicable to cases on collateral review, *but see In re Encinias*, 821 F.3d 1224, (10th Cir. 2016) (allowing a petitioner to file a second or successive 2255 because "as a prima facie matter" the petitioner's challenge to USSG § 4B1.2 was "sufficiently based on *Johnson*"). Most of the other Circuits that have addressed this retroactivity issue have also addressed it in the context of whether to allow a second or successive 2255 petition, which applies a different standard than the standard used to grant or deny a 2255 petition. *See In re McCall*, 826 F.3d 1308, 1310 (11th Cir. 2016) (Martin, J., concurring) (noting that "no court of appeals has decided whether *Johnson* applies *retroactively* to either mandatory or advisory § 4B1.2(a)(2) sentences" but compiling cases of courts that have "'certified' 'a prima facie showing' that the Supreme Court 'made [*Johnson*] retroactively applicable to [§ 4B1.2(a)(2)] cases on collateral review'" (quoting 28 U.S.C. §§ 2244(b)(3)(C), 2255(h))); *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *2 (6th Cir. Aug. 12, 2016) (compiling cases).

At least two circuits, the Second Circuit and the Sixth Circuit, have granted petitioners' leave to file second or successive petitions challenging USSG § 4B1.2's residual clause in light of *Johnson*, but directed the district court to stay the case pending the Supreme Court's decision in *Beckles*. *See In re Embry*, 2016 WL 4056056 (6th Cir. July 29, 2016); *Blow v. U.S.*, 829 F.3d 170, 172-73 (2d Cir. 2016). The Sixth Circuit concluded that "it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and ask the district courts to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*." 2016 WL 4056056, at *4.

To date, only the Eleventh Circuit has held that *Johnson* has no retroactive applicability to the sentencing guidelines. *See Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2016) ("*Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying Beckles's status as a career offender.").

Therefore, there is no controlling law on whether *Johnson* applies retroactively to USSG § 4B1.2 for cases on collateral review. The court finds both parties' arguments on the retroactivity issue to be persuasive. Petitioner argues that the reasoning in *Welch*, which made *Johnson* retroactively applicable to ACCA cases on collateral review, should apply equally to the sentencing guidelines because of the central role that the guidelines play in sentencing. But the United States argues that it is not clear that *Welch* would apply equally to the sentencing guidelines because the guidelines are simply one procedural factor of many that are used to determine an appropriate sentence. For example, in this case, the court sentenced Petitioner to a

5

term of imprisonment of 60 months even though the applicable sentencing guideline range was 77-96 months. Accordingly, the court is unclear as to how the Supreme Court might rule on whether *Johnson* is retroactively applicable to USSG § 4B1.2 cases on collateral review. Because of this uncertainty, the court's jurisdiction over this petition is in question. If the court were to decide that *Johnson*'s application to USSG § 4B1.2 is retroactively applicable to cases on collateral review and were to vacate Petitioner's sentence, the court could potentially resentence Petitioner to a term that would allow for his immediate release. This decision would be irreversible. If the Supreme Court later decided that *Johnson*'s application to USSG § 4B1.1 is *not* retroactively applicable to cases on collateral review, the court would have made an irreversible decision without the jurisdiction to do so. Given this potential for serious and irreversible error, the court concludes that Mr. Guerrero's petition should be stayed until the Supreme Court issues a decision in *Beckles*. The court is not willing to make an irreversible decision in this case when significant questions exist as to whether the court even has jurisdiction to decide the issues in the first place.

The Supreme Court has granted certiorari to hear, and will definitively decide, the same questions that are at issue in this case. Therefore, it is not only in the interest of judicial economy but also in the interest of proceeding with caution when a significant issue of jurisdiction exists to stay the petition until the Supreme Court issues a decision in *Beckles*.[1]

---

[1] Petitioner argues that, under the standard established by the Supreme Court in *Landis v. North America Co.*, 299 U.S. 248 (1936), judicial economy alone may not be a sufficient reason to justify a stay in a case where the stay will work damage to the petitioner. However, in this case, the court's decision is primarily based on jurisdictional concerns.

For the reasons stated above, the United States' Motion to Stay is GRANTED. The parties are directed to submit a status report within 14 days of the Supreme Court's decision in *Beckles v. United States*.

DATED this 7th day of October, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge