IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **ALI AL-REKABI,**<br><br>      Petitioner,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>      Respondent. | **MEMORANDUM DECISION AND ORDER LIFTING STAY**<br><br>Case No.  2:16CV573DAK<br><br>Judge Dale A. Kimball |

   This matter is before the court on Petitioner's Expedited Motion to Reconsider Order Granting Stay based on recent decisions by the Tenth Circuit requiring district courts to lift *Beckles* stays in similar § 2255 cases.  The recent Tenth Circuit decisions discuss whether the Tenth Circuit has jurisdiction in the cases before it but do not address the jurisdictional concerns this court relied on in entering its stay.  The court must assume that the Tenth Circuit is leaving that jurisdictional analysis for the district courts to grapple with first.  The court recognizes that Petitioner faces the risk of having his motion dismissed for lack of jurisdiction by proceeding. *See U.S. v. Bustillos*, 31 F.3d 931 (10th Cir. 1994) ("[P]etitioner has the burden of persuading the court that subject matter jurisdiction exists.").  However, the Tenth Circuit has decided that petitioners have the right to litigate that issue prior to the Supreme Court's decision in *Beckles v. United States*, Sup. Ct. No. 15-8544, *cert. granted*, 136 S. Ct. 2510 (June 27, 2016), and

Petitioner has chosen to do so.[1]  The court, therefore, lifts its stay.

Prior to the court's entry of a stay, the parties briefed the petition on the merits.  Because of the complexity of the issues raised in Petitioner's motion, the court will hold a hearing on the motion.  If either party believes that an evidentiary hearing is required, he or it should notify the court of the time needed for such a hearing.  In addition, if either party wishes to more fully brief the jurisdictional issues, he or it may file a supplemental brief within fifteen days of the date of this Order.

Accordingly, Petitioner's Expedited Motion to Reconsider Order Granting Stay is GRANTED.  The Clerk of Court is directed to lift the stay in this case.

DATED this 28th day of November, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge

---

[1] The court also notes that a decision determining whether a prima facie case has been met for purposes of allowing a certificate of appealability is a completely different standard than the jurisdictional decision the court will be required to undertake.